**SO ORDERED.**

**SIGNED this 27 day of June, 2008.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

FREDDIE L. CHAMBERS
d/b/a CHAMBERS LAWN SERVICE
TRESSIA A. CHAMBERS

Case No. 08-31042

Debtors

**MEMORANDUM AND ORDER**

This contested matter came on for hearing on June 25, 2008, on the Motion to Disallow Lease Claim and Pay as a Secured Creditor (Objection to Claim) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on May 9, 2008, and on the Response by Toyota Motor Credit Corp to Motion to Disallow Lease Claim and Pay as a Secured Creditor (Response) filed by Toyota Motor Credit Corporation (Toyota) on June 24, 2008.

The Trustee grounds her Objection to Claim on the fact that Toyota, in its Proof of Claim (Claim) filed as secured on April 25, 2008, nonetheless asserts as the "BASIS FOR CLAIM" that

the Debtors' obligation to it arises under a "**TRUE LEASE-MOTOR VEHICLE**."[1] The Trustee contends that pursuant to the terms of Paragraph 13 of the Debtors' Chapter 13 Plan (Plan) confirmed on April 28, 2007, Toyota has an allowed claim in the amount of $15,000.00 secured by the Debtors' 2005 Toyota van (2005 Toyota) which is to be paid over the 60-month life of the Plan through monthly installments of $304.15 plus 8% interest. By its Response, Toyota contends that its Claim arises under the terms of a Closed End Motor Vehicle Lease dated February 26, 2005, wherein the Debtors leased the 2005 Toyota at a monthly rental of $569.67. Toyota therefore argues that because Paragraph 8 of the Plan provides, in material part, that "[e]xcept for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured[,]" and they list no unexpired leases in their Plan to be assumed, the Debtors did not assume the lease of the 2005 Toyota, and its lease has been rejected. Toyota further argues that the Debtor's Plan is ambiguous in that it provides conflicting treatment for its Claim.

At the June 25, 2008 hearing, the parties agreed that all matters in dispute could be resolved without an evidentiary hearing on stipulations and briefs. The court advised that it would prepare an appropriate scheduling order to that effect. However, for unexplained reasons, Toyota did not bring to the court's attention, either in its Response or at the June 25, 2008 hearing, the fact that it amended its April 25, 2008 Claim on June 17, 2008, by filing an Amended Proof of Claim (Amended Claim). Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial

---

[1] Toyota's Claim is, in fact, ambiguous in that it classifies the Debtor's obligation to it at paragraphs 4 and 5 as secured, yet states the basis for its claim as a motor vehicle lease. Obligations arising under a lease would give rise to an unsecured claim. *See, e.g., In re Smith*, 325 B.R. 498, 503 (Bankr. D.N.H. 2005) (stating that "[s]ince the leased automobile is owned by the creditor and not the bankruptcy estate, the claim cannot be a secured claim regardless of the payment status on the obligation.").

notice that the Amended Claim eliminates all references to the "BASIS FOR CLAIM" as a "**TRUE LEASE-MOTOR VEHICLE**." Toyota's claim, as amended, is filed exclusively as a secured claim in the amount of $13,102.41 with the collateral listed as a "Motor Vehicle," *i.e.*, the Debtors' 2005 Toyota. The effect of the Amended Claim is to remove all ambiguity associated with Toyota's April 25, 2008 Claim.[2]

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (2005). As such, "'creditors are limited to those rights that they are afforded by the plan, [and] they may not take actions to collect debts that are inconsistent with the method of payment provided for in the plan.'" *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1209 (10th Cir. 1997) (quoting 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1] (Lawrence P. King ed., 15th ed. 1996)). "[P]arties are bound by the terms of the confirmed plan, including the values assigned to collateral and the amount of payment to be received. Therefore, a creditor cannot come in after confirmation and argue that the value assigned to collateral was mistaken or unfair." *Americredit Fin. Servs., Inc. v. Nichols (In re Nichols)*, 440 F.3d 850, 856 n.5 (6th Cir. 2006) (citations omitted). "Indeed, confirmation of a plan has been described as 'res judicata of all issues that could or should have been litigated at the confirmation hearing.'" *Ruskin v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005) (quoting *In re Cameron*, 274 B.R. 457, 460 (Bankr. N.D. Tex. 2002)).

---

[2] *See supra* n.1.

Because Toyota asserts only a secured interest in the 2005 Toyota, it is bound by the treatment provided its allowed secured claim under the Plan and cannot now argue that its Claim is governed by any Plan provision other than Paragraph 13. Accordingly, the Trustee's Objection to Claim has been rendered moot by Toyota's Amended Claim, leaving no justiciable issues for the court to resolve. Toyota's allowed secured claim shall, therefore, be paid in accordance with Paragraph 13 of the Debtors' Plan.

###